# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

WELLS FARGO BANK, N.A.,
 as Trustee for Option One Mortgage
 Loan Trust 2005-5 Asset-Backed
 Certificates, Series 2005-5,

       Plaintiff,            :         Case No. 3:07-cv-143

                                              District Judge Walter Herbert Rice
     -vs-                                  Chief Magistrate Judge Michael R. Merz

                                :

GREGORY ANKENEY, et al.,

       Defendants.

## REPORT AND RECOMMENDATIONS

This private foreclosure action is before the Court on Plaintiff's Motion for Default Judgment against Defendants Gregory and Donna Ankeney (Doc. No. 14). The Motion is unopposed and the time for opposition under S. D. Ohio Civ. R. 7.2 has expired.

The case was referred to the undersigned pursuant to the Dayton location of court General Order of Assignment and Reference as amended through July 5, 2007. A motion for default judgment is a dispositive motion on which a magistrate judge is limited to recommending a disposition. *Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999).

The real property that is the subject of this foreclosure action (the "Property") is as follows:

> Situated in the City of Dayton, County of Montgomery, and State of Ohio and being Lot Numbered Twenty-four Thousand Five Hundred Twenty-Two (24522) of the consecutive numbers of lots on the Revised Plat of the said City of Dayton, Ohio.

The Clerk entered the default of these two Defendants on June 13, 2007 (Doc. No. 13). As

proof of service on these Defendants, Plaintiff's trial attorney refers the Court to Doc. No. 9. Upon examination of the documents filed at Doc. No. 9 the Court finds that they do not purport to show service of process on either of these Defendants. Doc. No. 10, however, shows personal service on Defendant Gregory Ankeney and residential service on Donna Ankeney.[1] Since the docket shows no answer or other responsive pleading by either of these Defendants and more than twenty days has expired since service was made, the Entry of Default appears to be proper.[2]

Upon examination of the documentation filed in this case, the Magistrate Judge finds that it appears to comply with this Court's General Order 07-03.

The Magistrate Judge recommends that the Court find the following facts:

1. The Defendants against whom default judgment is sought have been properly served with process and the Complaint and are in default for want of answer or other responsive pleading;

2. Defendant Gregory Ankeney executed the promissory note referenced in the Complaint (the "Note") and therefore promised, among other things, to make monthly payments on or before the date such payments were due;

3. Plaintiff is the owner and holder of the Note and that the sums due under the Note were accelerated in accordance with the terms of the Note and the mortgage referenced in the Note (the "Mortgage");

4. Gregory Ankeney and Donna Ankeney executed and delivered the Mortgage;

5. Plaintiff is the owner and holder of the Mortgage, and that the Mortgage secures the amounts

---

[1] Plaintiff's counsel's Declaration avers service was made by Certified Legal Service. Plainly, that is not a natural person authorized by Fed. R. Civ. P. to make service. However, the Returns of Service shows service by natural persons. The Returns do not show that the persons making service are over eighteen years of age.

[2] The Magistrate Judge has doubts, however, about the propriety of issuance of Summons in blank as apparently reflected on the docket for April 16, 2007.

2

      due under the Note;

6. The Note and Mortgage are in default because payments required to be made under the Note and Mortgage have not been made, the conditions of the Mortgage have broken, the break is absolute, and Plaintiff is entitled to have the equity of redemption and dower of the current title holders foreclosed;

7. There is due on the Note principal in the amount of $76,363.22 plus interest on the principal amount at the rate of 9.35% per annum from November 1, 2006, until the date judgment is entered;

8. The Mortgage was recorded with the County Recorder and is a valid and subsisting first mortgage on the Property, the parties to the Mortgage intended that it attach to the entire fee simple interest in the property.  The Mortgage is, however, junior in priority under Ohio law to the lien held by the County Treasurer to secure the payment of real estate taxes and assessments. All amounts payable under Ohio Revised Code § 323.47 should be paid from the proceeds of the sale before any distribution is made to other lien holders.

      Accordingly, the Magistrate Judge respectfully recommends:

1. The Court enter judgment in favor of the Plaintiff and against Defendant Gregory Ankeney in the amount of $76,363.22 plus interest at the rate of 9.35% from November 1, 2006, to the date of judgment;

2. Unless the sums found to be due to Plaintiff are fully paid within the time allowed by law, the equity of redemption of the Defendant title holders be foreclosed and the Property be sold free of the interests of all parties to this action subject to redemption under law;

3. The Court appoint a special master from the Court's approved list of special masters for foreclosure actions and direct the special master to appraise, advertise and sell the Property according to the law and the orders of this Court and to report his proceedings to this Court,

giving notice of the time and place of the sale of the Property to all persons who have an interest in the Property pursuant to Ohio Revised Code § 2329.26.

August 18, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).