## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

WELLS FARGO BANK, N.A.,
as Trustee for Option One Mortgage
Loan Trust 2005-5 Asset-Backed
Certificates, Series 2005-5,

    Plaintiff,    :    Case No. 3:07-cv-143

        District Judge Walter Herbert Rice
-vs-    Chief Magistrate Judge Michael R. Merz

    :

GREGORY ANKENEY, et al.,

    Defendants.

## REPORT AND RECOMMENDATIONS

This private foreclosure action is before the Court *sua sponte*.

On August 20, 2007, Judge Rice ordered Plaintiff to submit within ten days a proposed decree of foreclosure complying with both the Court's General Order 07-03 and the Electronic Filing Policies and Procedures Manual and providing that the case would be dismissed for want of prosecution if the Order were not complied with (Doc. No. 19). When the Plaintiff failed to do so within the time provided, the Court on October 15, 2007, dismissed the case, as it had threatened to do (Doc. Nos. 20, 21).

At some time thereafter Plaintiff submitted a new proposed order which still did not comply,. The Court nevertheless *sua sponte* reopened the case and ordered that a new proposed Order complying with both the General Order and the Manual be filed by June 2, 2008 (Doc. No. 22).

As of the date of this Report, more than two months have expired since the Order Granting Relief from Judgment and the Court has still not received the required proposed decree.

1

It is therefore respectfully recommended that this case be dismissed without prejudice for want of prosecution.

July 17, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).